# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RICKY JONES,**

    **Plaintiff,**

v.                                                                                              Case No. 19-CV-41

**IRON WORKERS LOCAL 8,**

    **Defendant.**

## REPORT AND RECOMMENDATION SCREENING AMENDED COMPLAINT

On January 7, 2019, Ricky Jones filed a *pro se* complaint against Iron Workers Local 8 (Docket # 1) and moved for leaved to proceed without prepaying the filing fee (Docket # 2). While I granted Jones' motion for leave to proceed without prepaying the filing fee, I found Jones' complaint failed to state a claim on which relief could be granted and granted him leave to file an amended complaint. (Docket # 3.) Jones has filed an amended complaint, which I will now screen pursuant to 28 U.S.C. § 1915. (Docket # 4.)

Again, the standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611–12 (7th Cir. 2000). To state a claim, a complaint must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *DeWalt*, 224 F.3d at 612. The complaint need not plead specific facts, and need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v.*

*Gibson*, 355 U.S. 41, 47 (1957)). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

In Jones' original complaint, I surmised that perhaps he was seeking improperly calculated disability pension benefits pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132. (Docket # 3 at 3.) I noted, however, that Jones did not allege that he was the beneficiary of a plan subject to ERISA, nor did he allege that he was improperly denied benefits pursuant to ERISA. (*Id.*) I also stated that assuming Jones did intend to bring a cause of action pursuant to 29 U.S.C. § 1132, he should attempt to exhaust his administrative remedies prior to suing in federal court. *Gallegos v. Mount Sinai Med. Ctr.*, 210 F.3d 803, 808 (7th Cir. 2000). (*Id.*) I also suggested Jones may wish to consult the Eastern District of Wisconsin Bar Association's Federal Legal Assistance Program and provided a copy of the program's brochure with the order. (*Id.* at 4.)

In his amended complaint, Jones now alleges that he was in an apprenticeship agreement that included benefits under ERISA; however, he does not allege that the defendant is an employee benefit plan within the meaning of ERISA, nor does he allege that he exhausted his administrative remedies. (Docket # 4 at 2.) Jones further alleges that he previously sought to collect benefits under ERISA in Eastern District of Wisconsin Case No. 05-CV-1227. (*Id.*) However, in Case No. 05-CV-1227, Jones sued Ironworkers Local 8 for discrimination based on race. (Docket # 1 at 6 in Case No. 05-CV-1227.) Jones again alleges that he was involved in a work-related accident and seeks to collect disability. (Docket # 4 at 3–4.) Jones then states he is suing under state law, though he does not properly allege diversity jurisdiction. (*Id.* at 4.)

Even with the guidance given to Jones, it is still unclear whether he is truly alleging a cause of action pursuant to ERISA or challenging the denial of worker's compensation benefits, which is a matter of state law and not cognizable in federal court. *See Rodriguez v. Labor & Indus. Review Comm'n*, No. 08-C-147, 2008 WL 496161, at *2 (E.D. Wis. Feb. 21, 2008). While Jones generally alleges he was subject to an agreement pursuant to ERISA, he does not allege any specific provision of ERISA the defendant allegedly violated. ERISA authorizes a variety of causes of action to remedy violations of the statute, to enforce the terms of a benefit plan, or to provide other relief to a plan participant. Also, it appears Jones sues the union (Iron Workers Local 8) rather than the benefits plan. For these reasons, Jones' amended complaint fails to remedy the issues raised and fails to state a claim on which relief can be granted. Thus, I recommend that Jones' complaint be dismissed without prejudice.[1]

ORDER

**NOW, THEREFORE, IT IS RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court

---

[1] Because the defendant has not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of the amended complaint. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461(7th Cir. 2017).

3

shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 29th day of January, 2019.

BY THE COURT

*s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge